IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

EDWARD JONES                                                                                    PLAINTIFF

V.                                        CASE NO. 2:16-CV-30-JM-BD

STATE OF ARKANSAS, et al.                                                              DEFENDANTS

## RECOMMENDED DISPOSITION

I.   **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

II.   **Background:**

Plaintiff Edward Jones filed this case pro se.[1]  (Docket entry #2)  In his original complaint, Mr. Jones sued the State of Arkansas as the only Defendant.  His complaint appeared to be an appeal of an order issued by the Clerk of the Arkansas Supreme Court. (#2)

---

[1] Judge Moody referred the case to the undersigned.  (#3, #17)

Mr. Jones filed an amended complaint naming deputy prosecuting attorney Todd H. Murray, deputy prosecuting attorney Blake Spears, prosecuting attorney Fletcher Long Jr., attorney Paul N. Ford, attorney Bryce D. Cook , and Arkansas Supreme Court Clerk Stacey Pectol as Defendants. (#11) Mr. Jones's amended complaint was incoherent, but this Court gave him an opportunity to file a second amended complaint if he wished to proceed. (#18)

Mr. Jones filed a second amended complaint naming the State of Arkansas, deputy prosecuting attorney Todd H. Murray, deputy prosecuting attorney Blake Spears, prosecuting attorney Fletcher Long, Jr., and Arkansas Supreme Court Clerk Stacey Pectol as Defendants. (#21) In the second amended complaint, Mr. Jones abandoned whatever claims he had previously attempted to state against attorneys Paul N. Ford and Bryce D. Cook. (#21)

Mr. Jones has now filed a supplemental second amended complaint without leave of the Court. (#32) In the supplemental second amended complaint, Mr. Jones again names Paul N. Ford as a Defendant. Mr. Jones states that he did not add Mr. Cook as a defendant because Mr. Cook "asked not to be a part of the lawsuit." (#32, p. 2) To date, the State of Arkansas is the only Defendant on which this Court has ordered service. (#4)

The State of Arkansas has filed a motion to dismiss. (#22) Mr. Ford and Mr. Cook have filed multiple motions to dismiss. (#25 and #29) For reasons explained below, Judge Moody should GRANT the State of Arkansas's motion to dismiss, as well

as Mr. Ford's motions to dismiss. (#25 and #29) Because Mr. Jones abandoned whatever claims he attempted to raise against Mr. Cook, Judge Moody should DENY his motions (#25 and #29) as moot. Judge Moody should also dismiss the remaining Defendants and claims and close the case.

## III. **Discussion:**

This case concerns title to approximately 120 acres of land in Lee County, Arkansas. (#21, pp. 11-13) It appears that the land was owned by Clarence Jones and Linda Jones of Forrest City, Arkansas.

Plaintiff Edward Jones apparently had power-of-attorney over his father's affairs. While his father bore the name "Clarence Jones," he was not the Forrest City Clarence Jones who owned an interest in the 120 acres at issue; rather, this Clarence Jones lived in Little Rock, Arkansas and held no ownership interest in the Lee County acreage.

In April of 2014, Edward Jones took steps to transfer title to some of the Lee County land from "Clarence Jones" to himself. To that end, Edward Jones filed a warranty deed, assessed and paid taxes on the land, and instructed the tenant farmer who had farmed the land since the 1960s to make all future rent payments to Edward Jones. (#21, pp. 12; 25-28)

These actions did not go over well with the Forrest City Joneses. Their choler resulted in an investigation by the Arkansas State Police. In May of 2014, State Police Special Agent Mike Middleton signed an affidavit for an arrest warrant for Edward Jones,

alleging theft of property and forgery. (#21, pp. 11-13) The charges were based on the warranty deed Edward Jones had filed and his demand for rent from the tenant farmer. A state judge issued the warrant, and after some delay, prosecuting attorneys filed a felony information. (#21, pp. 14-16)

Based on the attachments to Mr. Jones's second amended complaint, it appears that he was eventually convicted of misdemeanor Filing Instruments Affecting Title or Interest in Property. (#21, p. 29) The state court also quieted title to the property at issue in favor of the Forrest City Joneses. (#21, pp. 23-24)

Mr. Jones fails to state whether he is challenging his conviction, despite this Court's order requiring him to "clearly state whether or not he is attempting to challenge a state criminal conviction." (#18, p. 1) Regardless, all of Mr. Jones's claims relate to the conviction. (#21)

A.   *The State of Arkansas*

Mr. Jones claims the State of Arkansas is liable for employing the other Defendants and because it is responsible for their training and supervision. (#21, p. 5) The State of Arkansas is entitled to sovereign immunity, thus depriving federal courts of jurisdiction over lawsuits by private citizens seeking damages against the State. *Smith v. Beebe*, 123 Fed.Appx. 261, 262 (8th Cir. 2005)(per curiam).

The State of Arkansas has not waived its immunity from lawsuits in the federal courts. *Burk v. Beene*, 948 F.2d 489, 492-493 (8th Cir. 1991). Furthermore, Congress

did not abrogate Arkansas's sovereign immunity when it enacted 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67, 109 S.Ct. 2304 (1989). Accordingly, sovereign immunity bars Mr. Jones's § 1983 claim for damages against the State of Arkansas.

   B.   *Prosecuting Attorneys Murray, Spears, and Long*

Mr. Jones also sues Prosecutor Spears for reviewing the arrest warrant, for waiting three months to file criminal charges, and for failing to consider the issue as a civil, rather than a criminal, matter. (#21, p. 2) Mr. Jones alleges that Prosecutor Long should have known there was no probable cause for arrest; that he failed to assign the matter a case number; and that he denied Mr. Jones's right to a first appearance. (#21, pp. 2-3) Prosecutor Murray allegedly knew that Mr. Jones did not commit the offenses for which he was charged and "tampered" with warranty deeds in open court. (#21, pp. 4-5)

Mr. Jones cannot prevail on claims against Mr. Spears, Mr. Long, or Mr. Murray. State prosecutors, when acting within the scope of their duties in initiating and pursuing criminal prosecutions, are entitled absolutely immune from civil suit. *Rodgers v. Knight*, 781 F.3d 932, 944 (8th Cir. 2015)(citing *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976)). This is true even where, as here, a plaintiff claims the prosecutor did not have probable cause to arrest and prosecute him. *Id*.

In addition, claims against Defendants Murray, Spears, and Long are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). While Mr. Jones's procedural claim that he was

denied a first appearance may not be *Heck*-barred, he has not explained how any of these prosecutors denied him a first appearance.

  C. *Arkansas Supreme Court Clerk Stacy Pectol*

Mr Jones claims that Ms. Pectol violated his rights by preventing the Arkansas Supreme Court from making a determination on his filings and by treating his notice of appeal as a motion for reconsideration. (#21, pp. 9-10) He alleges that Ms. Pectol, as Court Clerk, signed the orders denying his motion to proceed *in forma pauperis* and his motion to appoint counsel; and that she improperly treated his notice of appeal as a motion for reconsideration. (#21, pp. 36-37)

The orders themselves show that these were not Ms. Pectol's personal decisions. Rather, they were orders of the Arkansas Supreme Court that Ms. Pectol, as Court Clerk, signed and mailed to Mr. Jones. And any claim against the Arkansas Supreme Court would be barred for the same reasons claims against the State of Arkansas are barred. According to Mr. Jones's own pleadings, this claim is factually without merit.

Insofar as Mr. Jones alleges that Ms. Pectol violated procedure or Arkansas law, those allegations do not give rise to a federal cause of action. *Kennedy v. Blankenship*, 100 F.3d 640 (8th Cir. 1996).

  D. *Attorneys Ford and Cook*

In his second amended complaint, Mr. Jones abandoned his claims against attorneys Paul N. Ford and Bryce D. Cook. (#21) While the Court never ordered service

on Mr. Ford or Mr. Cook, from reviewing their motion to dismiss, it appears that Mr. Jones attempted to serve Mr. Ford and Mr. Cook at some point. (#25) Mr. Jones has now filed a supplemental second amended complaint again naming Mr. Ford as a Defendant.

Mr. Ford and Mr. Cook are private attorneys whom Mr. Jones hired to represent him in the criminal case. (#21, p. 30) They are not state actors subject to suit under 42 U.S.C. § 1983 absent circumstances that are not present in this case. See, *e.g.*, *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005). The claims against Mr. Ford and the abandoned claims against Mr. Cook do not establish an unlawful conspiracy or mutual understanding of an unlawful objective that would subject them to suit under § 1983.

Mr. Jones claims his counsel provided ineffective assistance and assisted the prosecutor in tampering with evidence. (#21, pp. 5-9) The ineffective assistance and evidence-tampering claims are relevant only if Mr. Jones is challenging his conviction, which he cannot do through this action. Under the facts alleged, this Court has no jurisdiction over any potential claims Mr. Jones might have against his own private counsel.

## IV. **Conclusion:**

The Court recommends that Judge Moody GRANT the State of Arkansas's motion to dismiss (#22); GRANT Mr. Ford's motions to dismiss (#25 and #29); DENY Mr. Cook's motions to dismiss (#25 and #29), as moot, because those claims were abandoned; and DISMISS this action, all other Defendants, and all Federal claims with prejudice. To

the extent Mr. Jones is attempting to raise any State claims, the Court recommends that Judge Moody decline supplemental jurisdiction and dismiss those claims without prejudice. All other pending motions should be DENIED, as moot.

DATED this 3rd day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE